UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD WADE, and SAVANNAH CHAMPION,<br>　　　　　Plaintiffs,<br>v.<br>STEVEN GUNDERSON, RALPH VALLIMONT, CHRIS LECHUGA, JEREMY JOHNSON, WILLIAM BOEHM, TREVOR CHAMPION, SABRINA CHAMPION, JACKIE CHAMPION, and DOES 1 to 100, inclusive,<br>　　　　　Defendants. | No. 2:20-cv-01965-TLN-KJN<br><br>**ORDER** |

This matter is before the Court on Defendants Steven Gunderson ("Gunderson"), Ralph Vallimont ("Vallimont"), Chris Lechuga ("Lechuga"), Jeremy Johnson ("Johnson"), and William Boehm's ("Boehm") (collectively, "City Defendants") Motion to Dismiss. (ECF No. 26.) Plaintiffs Richard Wade ("Wade") and Savannah Champion ("Savannah") (collectively, "Plaintiffs") have filed an opposition. (ECF No. 27.)  City Defendants filed a reply. (ECF No. 29.)  For the reasons set forth below, the Court GRANTS City Defendants' Motion to Dismiss (ECF No. 26) with leave to amend.

1

## II. FACTUAL AND PROCEDURAL BACKGROUND[1]

On March 22, 2021, Plaintiffs filed a Second Amended Complaint ("SAC") alleging various causes of action stemming from incidents allegedly occurring in 2019. (ECF No. 25.) Plaintiffs allege that on April 7, 2019, Savannah, a minor, went to the hospital after experiencing abdominal pains, and suffered a miscarriage. (ECF No. 25 at 3–4.) Plaintiffs state that one hour later Savannah's mother, Defendant Sabrina Champion ("Defendant Champion") made false statements to the Vacaville Police Department, stating Wade — who was twenty-eight years old at the time — was Savannah's boyfriend and responsible for the miscarriage. (*Id.* at 3–4, 23.) These statements were allegedly made in retaliation for Wade disclosing Defendant Champion's infidelities to her husband. (*Id.* at 4.) Plaintiffs allege despite the statements being false, various incidents occurred in subsequent months including falsified police statements and Wade's unlawful arrest. (*Id.* at 5–12.)

Plaintiffs filed their SAC on March 22, 2021. (ECF No. 25.) Plaintiffs' SAC alleges two causes of action against City Defendants under § 1983. (*Id.* at 5,14.) Plaintiffs' first cause of action alleges: (1) use of excessive force; (2) unlawful seizure; and (3) unreasonable search-judicial deception. (*Id.* at 5.) Plaintiffs' second cause of action alleges violations of Plaintiffs' due process rights for: (1) deliberate fabrication of evidence; (2) deliberate or reckless suppression of evidence; and (3) conspiracy to violate Plaintiff's civil rights. (*Id.* at 14.)

City Defendants filed a motion to dismiss on April 12, 2021, pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (ECF No. 26.) Plaintiffs subsequently filed an opposition to City Defendants' Motion to Dismiss on May 13, 2021. (ECF No. 27.) City Defendants replied on May 20, 2021. (ECF No. 29.)

## III. STANDARD OF LAW

A motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a) requires that a pleading contain "a short and plain statement of the claim

---

[1] The following recitation of facts is taken, sometimes verbatim, from Plaintiffs' Second Amended Complaint. (ECF No. 25.)

2

showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).  Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972).  A court must give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963).  A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570 (internal citation omitted).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  Thus, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss" for failure to state a claim. *Adams v. Johnson*, 355, F.3d 1179, 1183 (9th Cir. 2004) (citations omitted).  Moreover, it is inappropriate to assume the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, only where a plaintiff fails to "nudge [his or her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id.* at 680 (internal quotations omitted).

If a complaint fails to state a plausible claim, "'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)); *see also Gardner v. Martino*, 563 F.3d 981, 992 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a district court should freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

**IV. ANALYSIS**

City Defendants argue the SAC "fails to state facts sufficient to state the claims asserted."[2] (ECF No. 26 at 11.) City Defendants contend the SAC fails to allege the basis of Plaintiffs' claims against each Defendant. (*See Id.* at 10–11.) In opposition, Plaintiffs argue the motion to dismiss should be denied, but request "leave to amend their [SAC] to more clearly state their causes of action against Defendants." (ECF No. 27 at 12.)

Rule 8 requires "each averment of a pleading to be 'simple, concise, and direct[.]'" *See McHenry v. Renne*, 84 F.3d 1172, 1177–78 (9th Cir. 1996) (citations omitted). To comply with

---

[2] As this argument is dispositive, the Court declines to address City Defendants' remaining arguments.

1  Rule 8, a complaint should clearly and fully set forth "who is being sued, for what relief, and on
2  what theory, with enough detail to guide discovery." *Id.* at 1178.  Even if the factual elements of
3  a cause of action are present but are scattered throughout the complaint and not organized into a
4  "short and plain statement of the claim," dismissal for failure to satisfy Rule 8 is proper.  *Id.*
5  Further, "[t]he propriety of dismissal for failure to comply with Rule 8 does not depend on
6  whether the complaint is wholly without merit." *Id.* at 1179.  Indeed, Rule 8(e)'s requirement
7  that each averment of a pleading be "'simple, concise, and direct,' applies to good claims as well
8  as bad, and is a basis for dismissal independent of Rule 12(b)(6)." *Id.*

9  Shotgun pleading occurs when: (1) one party pleads that multiple parties did an act,
10 without identifying which party did what specifically; or (2) when one party pleads multiple
11 claims and does not identify which specific facts are allocated to which claim.  *Hughey v.*
12 *Camacho*, No. 2:13-CV-2665-TLN-AC, 2014 WL 5473184, at *4 (E.D. Cal. Oct. 23, 2014)
13 (citing *In re Mortgages Ltd.*, No. 2:08-bk-07465-RJH, 2013 WL 1336830, at *12 (Bankr. D. Ariz.
14 March 29, 2013); *see also Magulta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001)).

15 Here, Plaintiffs' SAC fails to comply with Rule 8.  Plaintiffs' first cause of action in the
16 SAC alleges: (1) use of excessive use of force; (2) unlawful seizure; and (3) unreasonable search-
17 judicial deception "[b]y Plaintiff SAVANNAH CHAMPION and Plaintiff RICHARD WADE
18 against Defendants, RALPH VALLIMONT, STEVEN GUNDERSON, JEREMY JOHNSON,
19 CHRIS LECHUGA, and WILLIAM BOEHM."  (ECF No. 25 at 5–6.)  Plaintiffs structure their
20 second cause of action the same way.  (*Id.* at 14.)  Within each cause of action, Plaintiffs fail to
21 properly assert, in compliance with Rule 8, specific facts with respect to each Defendant's
22 liability for the specified claim.  (*Id.* at 5, 13–14, 17.)

23 Plaintiffs' SAC further states, "Defendants deprived Plaintiffs of their right to be free
24 from unreasonable seizures, unreasonable searches, the excessive use of force, to be free from
25 misrepresentations as well as omissions in a warrant, and to arbitrary and unreasonable actions."
26 (*Id.* at 13.)  Such allegations fail to allege the basis of Plaintiffs' claims against each Defendant
27 and fails to properly put Defendants on notice to allow them to plead intelligently.  *Flores v. EMC*
28 *Mortg. Co.*, 997 F. Supp. 2d 1088, 1103 (E.D. Cal. 2014); *see also Inman v. Anderson*, 294 F.

Supp. 3d 907, 919 (N.D. Cal. 2018) (a plaintiff's pleading should "allege what role each [d]efendant played in the alleged harm"); *Culinary Studios, Inc. v. Newsom*, 517 F. Supp. 3d 1042, 1074 (E.D. Cal. 2021) ("[b]road allegations against numerous defendants are not specific enough to provide the defendants with notice of the plaintiffs' allegations.") (citations and quotation marks omitted).  This lack of clarity permeates the entire SAC and is a sufficient basis for dismissal.  *See Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011) (affirming a district court's dismissal of an entire complaint that made "'everyone did everything' allegations" without leave to amend because "[t]he district court made clear . . . that plaintiffs must amend their 'shotgun pleading' to 'state[ ] clearly how each and every defendant is alleged to have violated plaintiffs' legal rights" and plaintiffs failed to do so) (alteration in original); *see also Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 840–841 (9th Cir. 2000) (affirming dismissal of a complaint where the complaint failed to include short and plain statement of claim of each of the fifty-one plaintiffs and failed to state each plaintiff's claim in separate count).

Plaintiffs appear to concede their SAC fails to comply with Rule 8 and request leave to amend their complaint.  (*See* ECF No. 27 at 7–9, 12.)  Accordingly, the Court GRANTS City Defendants' Motion to Dismiss (ECF No. 26) with leave to amend.

**V. CONCLUSION**

For the foregoing reasons, City Defendants' Motion to Dismiss (ECF No. 26) is hereby GRANTED with leave to amend.  Plaintiffs are hereby granted thirty (30) days from the date this Order is filed to file an amended complaint in conformity with this Order.  Defendants shall file a responsive pleading to the amended complaint within twenty-one (21) days from the electronic filing date of the amended complaint.

IT IS SO ORDERED.

DATED:  March 8, 2022

Troy L. Nunley
United States District Judge